**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| North County Communications Corp., | No. CV-09-2063-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| McLeodUSA Telecommunications Services, Inc.; *et al.*, | |
| Defendants. | |

On April 30, 2010, the Court dismissed the Complaint of North County Communications Corporation ("North County") without prejudice. In dismissing the case, the Court found subject-matter jurisdiction lacking and held that the doctrine of primary jurisdiction counseled in favor of allowing North County to pursue its claims before the Arizona Corporation Commission. (Dkt. # 39.) North County now moves for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Dkt. # 41) As set forth below, the Court denies the Motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), reconsideration "is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005)

(quoting *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Similarly, Federal Rule of Civil Procedure 60(b) provides that a party may seek relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged[, or] it is based on an earlier judgment that has been reversed or vacated[,] or applying [the previous judgment] is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## DISCUSSION

North County has failed to demonstrate the circumstances necessary for reconsideration pursuant to Rules 59(e) and 60(b). North County raises three arguments in support of its Motion: (1) the Court's reliance on the Ninth Circuit's recent decision in *North County Commc'ns, Corp. v Cal. Catalog & Tech.*, 594 F.3d 1149 (9th Cir. 2010), is "misplaced" because that case involved reciprocal compensation between commercial mobile radio service ("CMRS") providers, rather than competitive local exchange carriers ("CLECs"); (2) two out-of-circuit district court decisions "significantly affect the state of the relevant law;" and (3) the Court's decision leaves North County without any forum within which to pursue its claims. (*See* Dkt. # 41.) Each of these arguments is without merit.

**I.     The Court's Reliance on Relevant Ninth Circuit Authority Was Not Misplaced.**

The Court rejects North County's argument that the Ninth Circuit's decision to dismiss similar claims in *Cal. Catalog*, 594 F.3d at 1149, does not apply to the issues in this case. While North County argues that *Cal. Catalog* pertains only to CMRS providers, the Ninth Circuit's decision explicitly dismissed North County's claims against CMRS providers *and* CLECs.

On this point, North County fails to provide any case law, authority, or persuasive argument suggesting that the Ninth Circuit's decision was limited to CMRS providers or that

its rationale is inapplicable to CLECs. In its Motion for Reconsideration, North County asserts that "the holding in *Cal. Catalog* . . . could only possibly be about CMRS traffic for the simple reason that, as the *Cal. Catalog* Court pointed out, Section 251(b)(5) specifically provides for a right of compensation between local exchange carriers." (Dkt. # 41 at 6.) The Court, however, disagrees with North County's reading of the Ninth Circuit's recent decision. In *Cal. Catalog*, the Ninth Circuit made the following observation: "*According to North County*, a violation of 47 C.F.R. § 20.11(b)'s compensation requirements is the equivalent of a violation of 47 U.S.C. § 251(b)(5) for which it has a federal remedy." *Id.* (emphasis added). The court then added, "However, nothing in the plain language of § 251(b)(5) provides for a right to compensation." *Id.* In other words, while North County asserted to the Ninth Circuit that § 251(b) creates a federal remedy, the court disagreed. *Id.* Instead, the Court held that nothing in the plain language of the statute creates a private right to compensation. *Id.* Morever, as the district court in the *Cal. Catalog* case, which the Ninth Circuit affirmed, specifically observed:

> On the issue of "reciprocal compensation," 47 U.S.C. § 251 establishes no right to sue in federal court for such recoveries, but rather imposes a duty on the carriers as among themselves "*to establish* reciprocal compensation arrangements for the transport and termination of telecommunications." 47 U.S.C. § 251(b)(5) (emphasis added). Those arrangements, if breached, may give rise to standing to sue, but in the absence of any such arrangement, [North County] has not convinced the court it can exercise original jurisdiction over [North County's] claims.

*North County Commc'ns Corp. v. Cal. Catalog & Tech.*, 2007 WL 4200203, at * 7 (S.D. Cal. 2007), *affirmed in part and vacated on other grounds by Cal. Catalog*, 594 F.3d at 1149. In this case, it is clear from the Complaint that North County is not seeking damages based on Defendants' failure to enter a reciprocal compensation agreement. Instead, North County is seeking compensation in the absence of any agreement. Accordingly, to the extent that § 251(b) might give rise to a private right of action in other contexts, that provision is not helpful to North County in this case.

The FCC has further declined to hold that § 251(b) gives rise to a private right of action when one carrier fails to compensate another for the exchange of intrastate traffic. *See*

- 3 -

*In the Matter of Developing a Unified Intercarrier Compensation Regime (T-Mobile)*, 20 F.C.C.R. 4855, 4857, ¶ 4 (2005). As the FCC explained in *T-Mobile*,

> Although section 251(b)(5) and the Commission's reciprocal compensation rules reference an "arrangement" between LECs and other telecommunications carriers . . . , they do not explicitly address the type of arrangement necessary to trigger the payment of reciprocal compensation or the applicable compensation regime, if any, when carriers exchange traffic without making prior arrangements with each other.

*Id.* Accordingly, to the extent that North County argues that § 251(b) creates a private right of action for compensation, it points to no authority holding that this is so. Regardless, assuming that § 251(b) does create a private right of action, an initial determination of "the applicable compensation regime, *if any*," is better left to the appropriate administrative authority. *See id.* (emphasis added); *see Cal. Catalog*, 594 F.3d at 1157 ("readily" deferring resolution of "North County's claims asserted pursuant to 47 U.S.C. § 251" to the FCC and the state utility commission).

Additionally, even if § 251(b) does provide for a private right of action in this context, North County has waived this argument because it did not assert § 251(b) as a basis for federal jurisdiction in response to Defendants' Motion to Dismiss. *See Daghlian v. DeVry Univ., Inc.*, 582 F. Supp.2d 1231, 1258 (C.D. Cal. 2007) ("[I]t is a "'well-established principal that arguments raised for the first time in a motion for reconsideration are generally deemed waived.'") (quoting *United States v. Foreman*, 369 F.3d 776, 797 n. 12 (4th Cir. 2004) (Gregory J., concurring in part)); *see also Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse . . . .") (citation omitted).

**II.     The Recent District Court Decisions Cited by North County Are Unavailing.**

North County also asks the Court to reconsider its previous Order based on recent decisions from the Southern District of New York and the Eastern District of Pennsylvania. *See Paetec Comm'ns v. MCI Comm'ns Servs., Inc.*, 2010 WL 1714970 (E.D. Pa. Apr. 26, 2010); *Manhattan Telecomms. Corp. v. Global NAPS, Inc.*, 2010 WL 1326095 (S.D. N.Y.

Mar. 31, 2010). According to North County, these cases stand for the proposition that, "regardless of primary jurisdiction concerns, District Courts may determine whether a rate charged by a specific CLEC for a specific service is reasonable." (Dkt. # 41 at 5.)

Contrary to North County's argument, however, neither of these cases discusses the issue of primary jurisdiction, which was one of the Court's main reasons for dismissing North County's claims without prejudice. Upon review of North County's new cases, it appears that primary jurisdiction was not at issue in either case. More importantly, even if these out-of-circuit cases had reached the issue of primary jurisdiction, they cannot carry the day because neither was required to follow the Ninth Circuit's binding decision in *Cal. Catalog*, 594 F.3d at 1149 (dismissing a similar case without prejudice based on doctrine of primary jurisdiction).

It is also unclear how these cases are relevant to the issue of subject-matter jurisdiction, which was another basis for dismissing North County's claims. Here, North County has asserted jurisdiction pursuant to 47 U.S.C. §§ 201(b), 206, and 207. Meanwhile, the decisions in *Paetec*, 2010 WL 1714970, and *Manhattan*, 2010 WL 1326095, were decided pursuant to other provisions of the Telecommunications Act. To the extent that North County makes an attempt to assert federal jurisdiction pursuant to 47 U.S.C. § 251(b), neither *Paetec* nor *Manhattan* exercised jurisdiction pursuant to that provision of the Act.

**III.  North County Is Not Without a Forum to Resolve its Compensation Claims.**

Pursuant to the primary jurisdiction doctrine, the Court dismissed the Complaint to allow North County to pursue its claims with the appropriate administrative tribunal—the Arizona Corporation Commission. North County does not argue that the Court improperly applied the elements of the primary jurisdiction doctrine; instead, it points to a recent decision from the California Public Utilities Commission ("CPUC") dismissing claims asserted by North County in a similar case without prejudice. (*See* Dkt. # 42 at Ex. C.) According to North County, CPUC's decision potentially leaves North County without any forum to pursue its compensation claims against CLECs and CMRS carriers. Specifically,

1  North County expresses concern that, like CPUC, the Arizona Corporation Commission will
2  decline to consider North County's claims.

3      A review of CPUC's decision, however, reveals that there is no basis for North
4  County's concern. (*Id.*) CPUC's decision was issued following a FCC order requiring North
5  County to pursue compensation claims against various CMRS carriers with the CPUC. *See*
6  *North County Comm'ns Corp. v. MetroPCS Cal. LLC*, 24 F.C.C.R. 3807 (Mar. 30, 2009).
7  But while North County did pursue its claims with CPUC, it also appealed the FCC's order
8  to the United States Court of Appeals for the District of Columbia. (Dkt. # 43, Ex. A at 1.)
9  Based on concern that the appeal might negate CPUC's decision, CPUC dismissed North
10 County's claims without prejudice pending a decision by the D.C. Circuit. (*See id.*)

11     Thus, contrary to North County's argument, the decision of CPUC to dismiss did not
12 leave North County without a forum to pursue its claims. As the CPUC explained,
13 "Following a decision by the D.C. Circuit and a commitment by the Federal Communications
14 Commission to the use of a rate determined reasonable by [CPUC], North County
15 Communications Corporation of California may reapply for resolution of this matter." (*Id.*)
16 Accordingly, if North County's appeal fails, it can reassert its claims with CPUC.

17     Similarly, to the extent that the Arizona Corporation Commission follows the decision
18 of CPUC and decides not to reach North County's claims due to a pending appeal (which is
19 purely speculative at this point), North County will still be able to pursue its claims once the
20 higher court renders its decision. Indeed, given that North County is pursuing nearly identical
21 claims in several different forums, it is unsurprising that more than one court has dismissed
22 or stayed the action pending a resolution of North County's claims by the appropriate
23 tribunal. Moreover, even if the CPUC's decision did leave North County without a forum to
24 raise its claims, which it does not, this Court is bound by Ninth Circuit recent decision in *Cal.*
25 *Catelog*, which dismissed virtually identical claims based on the doctrine of primary
26 jurisdiction. *See* 594 F.3d at 1149.
27 / / /
28

- 6 -

**IT IS THEREFORE ORDERED** that North County's Motion for Reconsideration (Dkt. # 41) is **DENIED**.

DATED this 24th day of May, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge